Filed 11/21/24  Zuurveen v. L.A. County Dept. of Health Services CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| GLORIA ZUURVEEN, | B335293 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV35992) |
| v. | |
| LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kristin S. Escalante, Patricia Nieto, Judges. Affirmed.

Gloria Zuurveen in pro. per., for Plaintiff and Appellant.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Mitzie L. Dobson, Michael K. Liu for Defendant and Respondent.

# INTRODUCTION

This is the second time Gloria Zuurveen sued the County of Los Angeles arising out of the County's treatment of Zuurveen's husband while he was hospitalized before his death in 2017. Her first lawsuit alleged causes of action for elder abuse and wrongful death. That lawsuit was resolved in favor of the County in 2019.

In 2022 Zuurveen filed this lawsuit against the County again seeking redress for its treatment of her husband during his 2017 hospitalization. This time Zuurveen alleged a civil rights violation under 42 U.S.C. section 1983, intentional infliction of emotional distress, and sought declaratory relief. The County demurred on the grounds that Zuurveen's complaint was barred by the doctrine of claim preclusion. The trial court sustained the demurrer without leave to amend. Zuurveen appeals.

There was no error. Zuurveen's claims in this action are based on the same primary rights as her previous action, and therefore are barred by claim preclusion. In addition, the trial court did not abuse its discretion when it denied Zuurveen leave to amend her complaint. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Zuurveen alleges that her husband, Johannes Zuurveen (Johannes[1]), died on December 8, 2017 while in the care of the County at Harbor UCLA Medical Center. She claims that hospital staff "erroneously identified and referred to [Johannes] as 'African-American,'" which she said contributed to Johannes "being administered the wrong medications during his admission

---

[1] We refer to Johannes Zuurveen by his first name to avoid confusion; no disrespect is intended.

2

thereby contributing to his early demise and death." She also alleges that Johannes "suffered multiple pressure ulcers, dehydration, malnutrition, sepsis, and other debilitating infections due to lack of proper care" by the County.

## A. The first action

In June 2018, Zuurveen filed a complaint against the County alleging two causes of action, one for elder abuse and the other for wrongful death. We will refer to this lawsuit as "the first action." Zuurveen alleged that Johannes was over the age of 65 while in the County's care, and was therefore an elder under California's elder abuse laws. She alleged the County failed to provide Johannes with medically required care, including treatment to avoid contractures and pressure injuries, ultimately causing his death. Zuurveen asserted the elder abuse claim as Johannes's successor in interest and brought a wrongful death cause of action "individually on her own behalf."

The trial court granted the County summary judgment and entered judgment in favor of the County in October 2019. Zuurveen appealed the judgment, and her appeal was dismissed for failure to file an opening brief.[2] Zuurveen sought review in the California Supreme Court, and her petition was denied.

## B. The second action

On November 15, 2022, Zuurveen filed this lawsuit in propria persona. Her verified complaint alleged causes of action

---

[2] On our own motion, we take judicial notice of the docket in Court of Appeal case no. B302369. The County represents that Zuurveen also filed a complaint in federal court asserting similar allegations, and the case was dismissed for failure to state a claim. The federal filings are not in the record on appeal, and no party has requested judicial notice of them.

3

against the County for a civil rights violation under 42 U.S.C. section 1983 (section 1983), "negligent infliction of severe mental and emotional distress," and declaratory relief. We will refer to this lawsuit as "the second action."

The section 1983 cause of action alleged that the County deprived Johannes "of his federal statutory and constitutional rights in violation of 42 USC § 1983, Title 18, Part A Social Security Act [*sic*], including his right to receive proper medical care." The complaint repeated verbatim some of the allegations from Zuurveen's complaint in the first action, including that the County failed to provide Johannes with appropriate care resulting in "multiple pressure ulcers, dehydration, malnutrition, sepsis, and other debilitating infections," and ultimately death. Zuurveen's negligent infliction of emotional distress cause of action alleged that the County's actions "in failing to administer proper care" to Johannes were "extreme and outrageous and calculated to and did in fact send shock to" Zuurveen. The cause of action for declaratory relief alleged broadly that there was a controversy "between plaintiff and defendants [*sic*] concerning their respective rights and duties," and repeated the allegations regarding the County's treatment of Johannes.

The County demurred, asserting that Zuurveen's complaint failed to allege facts sufficient to state a cause of action, the claims were barred by res judicata and the statute of limitations, and Zuurveen failed to comply with the Government Claims Act. The County requested judicial notice of Zuurveen's first amended complaint in the first action, the judgment in the County's favor in the first action, and Johannes's death certificate showing he died on December 8, 2017. The County also moved to strike portions of Zuurveen's complaint.

4

In her opposition, Zuurveen argued that her claims were not barred by res judicata. She argued that res judicata "does not apply here because [Zuurveen] has sued on . . . different theories that were not before the court in the prior litigation." She also argued that her negligent infliction of emotional distress cause of action was sufficiently pled. Zuurveen requested leave to amend her complaint, citing Ninth Circuit case law but not specifically stating how her complaint could be amended. The County filed a reply.

There is no reporter's transcript for the hearing, but the court sustained the County's demurrer in a written ruling. After granting the County's request for judicial notice, the court noted that the doctrine of res judicata "bars any subsequent suit on claims that were raised or could have been raised in a prior action." The court held that Zuurveen's "claims in the present action arise out of the same primary rights as the prior action, and thus are barred by res judicata. Both actions arise out the alleged mistreatment of [Johannes] by [the County] during a hospital stay which culminated in his death, which caused [Zuurveen and Johannes] damage. Although [Zuurveen] has asserted slightly different legal theories in this action, both actions arise out of the same primary rights and the same alleged injuries." The court denied leave to amend because Zuurveen failed to identify any facts that would render her claims viable.

The trial court entered an order of dismissal. Zuurveen's appeal is timely.

## DISCUSSION

Zuurveen asserts the trial court erred and the County's demurrer should have been overruled. "We review de novo a trial court's ruling on a demurrer and examine the operative

5

complaint to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*Summerfield v. City of Inglewood* (2023) 96 Cal.App.5th 983, 992.)

California no longer uses the term res judicata when discussing whether a previous lawsuit precludes a second suit in its entirety. California courts "now refer to 'claim preclusion' rather than 'res judicata.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326.) "Claim preclusion applies . . . when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'" (*Id.* at p. 327.)

Zuurveen asserts the first element has not been met. She argues that because a section 1983 claim "was never before the court in the prior proceeding," the County's "argument that it was barred by . . . claim preclusion is incorrect." She also argues that her negligent infliction of emotional distress cause of action should survive because the new section 1983 claim "independently support[s]" that cause of action.

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.'" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) Under that theory, "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." (*Id.* at p. 798.) "'[T]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. "Hence a judgment for the defendant is a

bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." [Citations.]' Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Ibid*.)

Zuurveen's first and second actions allege different legal claims based on the same injuries and involve the same primary rights. The elder abuse claim in her first action and the section 1983 claim in her second action are both based upon the alleged medical abuse or neglect inflicted upon Johannes by the County. Likewise, the wrongful death claim in her first action and the intentional infliction of emotional distress claim in her second action were based on the effect of the County's actions on Zuurveen. The claims in both actions sought redress for these same alleged injuries.[3]

Moreover, Zuurveen's claims would be barred even if they were based on different primary rights. Claim preclusion "acts to

---

[3] Zuurveen cites and discusses "*Espinoza v. United States Student Aid Fund*," but she does not provide us a citation for the case. A federal case with a similar name has several opinions, and it is unclear which, if any, version Zuurveen is relying upon. (See, e.g., *United Student Aid Funds, Inc. v. Espinosa* (2010) 559 U.S. 260; *Espinosa v. United Student Aid Funds, Inc.* (9th Cir. 2008) 553 F.3d 1193; *Espinosa v. United Student Aid Funds, Inc.* (9th Cir. 2008) 530 F.3d 895.) Nevertheless, the case involved a bankruptcy debtor discharging a portion of his student loan debt, which is irrelevant to the claim preclusion issue before us. As the Ninth Circuit stated in one of the cases, "what we have here is not a question of res judicata." (553 F.3d at p. 1200.)

7

bar claims that were, or should have been, advanced in a previous suit involving the same parties." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824; *Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557 ["Res judicata not only precludes the relitigation of issues that were actually litigated, but also precludes the litigation of issues that could have been litigated in the prior proceeding"].) Zuurveen could have asserted the section 1983 claim and intentional infliction of emotional distress claim against the County in the first action. These claims are also barred by claim preclusion for that reason.

Zuurveen argues in the alternative that the trial court should have granted her leave to amend her complaint. "If the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment. [Citation.] The burden is on [the] plaintiff[ ] to prove that amendment could cure the defect." (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.) If the plaintiff has not demonstrated that amendment could cure the defect, "no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Here, Zuurveen asserts only that the trial court should have granted leave to amend. She does not offer any facts or legal arguments that would support a conclusion that an amended complaint would not also be barred. She contends "it is an abuse of discretion to deny leave to amend where there is no prejudice to the adverse party." However, allowing the action to proceed would prejudice the County by requiring it to defend barred claims. Leave to amend should not be granted when amendment would be futile. (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726; s*ee also Yee v. Mobilehome Park*

8

*Rental Review Bd.* (1998) 62 Cal.App.4th 1409, 1428-1429 [leave to amend properly denied when a proposed civil rights claim was barred by preclusion].)  The trial court therefore did not abuse its discretion when it denied leave to amend.

**DISPOSITION**

The judgment of dismissal is affirmed.  The County is entitled to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

\*\*SIGGINS, J.

We concur:

CURREY, P. J.

ZUKIN, J.

\*\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.